**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

_____

ROBERT LEE PERRY,                                          :
                                                                        :
                    Petitioner,                                  :          Civ. No. 14-1243 (RBK)
                                                                        :
          v.                                                         :          **OPINION**
                                                                        :
JORDAN HOLLINGSWORTH,                            :
                                                                        :
                    Respondent.                                :
_____ :

**ROBERT B. KUGLER, U.S.D.J.**

## I.          INTRODUCTION

Petitioner is a federal prisoner currently incarcerated at F.C.I. Fort Dix in Fort Dix, New

Jersey.  He is proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. §

2241.  Petitioner claims that he is entitled to an additional amount of jail time credits that the

Federal Bureau of Prisons ("BOP") is not recognizing on his federal sentence.  For the following

reasons, the habeas petition will be denied.

## II.         BACKGROUND

Petitioner was arrested in North Carolina in 2004 by local law enforcement officials on

drug charges.  His state probation was then revoked in two state cases and he was sentenced to a

fifteen to eighteen month sentence for each probation violation.  Petitioner began serving these

sentences consecutively on August 14, 2004.  On March 17, 2005, petitioner was sentenced in

state court on his controlled substance charge and sentenced to eight to ten months to be served

consecutive to his probation violation sentences.

As this was occurring with his state charges, petitioner was also prosecuted in federal

court.  Indeed, petitioner came before the United States District Court for the Middle District of

North Carolina on a writ of habeas corpus ad prosequendum to answer for federal narcotics charges.  In July, 2005, petitioner pled guilty in the Middle District of North Carolina to one count of conspiracy to contribute cocaine base.  On January 5, 2006, petitioner was sentenced to 166 months imprisonment.[1]  The Judgment and Commitment Order on petitioner's federal sentence indicated that it was to be served consecutive to the state court sentence that he was currently serving.

On April 28, 2007, petitioner completed his state sentence and he was turned over to federal authorities to begin serving his federal sentence.  Subsequently, in 2011, petitioner filed a federal habeas petition pursuant to 28 U.S.C. § 2241 in the United States District Court for the District of South Carolina.  In that petition, he claimed that he should receive jail credit time for the time served in state custody because the initial state charges arose out of the same incident as his federal conviction.  *See Perry v. Owens*, No. 11-0328, 2011 WL 2144783, at *1 (D.S.C. Apr. 25, 2011), *report and recommendation adopted by*, 2011 WL 2149538 (D.S.C. June 1, 2011).  The District of South Carolina concluded that the time petitioner spent in state custody had been credited towards his state sentence and that the federal criminal judgment specifically stated that the federal sentence was to run consecutively to the state sentence petitioner was serving.  *See Perry*, 2011 WL 2144783, at *2.  Thus, the habeas petition was denied.

In February, 2014, this Court received petitioner's § 2241 habeas petition.  In this petition, petitioner once again asserts that he is entitled to jail time credits for the time he served in state custody from January 5, 2006 until April 28, 2007.  Furthermore, petitioner also challenges the validity of his federal conviction and sentence.  Indeed, petitioner claims that the sentencing court should provide for concurrent federal and state sentences under United States

---

[1] Petitioner's federal sentence was eventually reduced to 120 months after petitioner moved for reductions of his sentence pursuant to 18 U.S.C. § 3582(c)(2).

Sentencing Guideline ("U.S.S.G.") § 5G1.3 and that his federal judgment should be vacated because he was impermissibly "borrowed" in violation of the anti-shuttling provision of the Interstate Agreement on Detainers Act ("IADA").[2]  The Respondent was ordered to file an answer to the habeas petition.  The Court received an answer and petitioner filed a reply.  Thus, the matter is now ready for adjudication.

## III.   DISCUSSION

As noted above, petitioner is appearing to make two separate arguments.  First, he appears to challenge the validity of his sentence and conviction.  Additionally, he challenges the execution of his sentence by the BOP by arguing that he is entitled to additional jail time credits on his federal sentence.  Each of these claims is considered in turn.

### A.  Challenge to Underlying Conviction

In initially screening the instant habeas petition and ordering an answer, the Court noted that it was unclear whether petitioner was attacking his actual sentence imposed by the federal court in addition to challenging the execution of his sentence by the BOP.  (*See* Dkt. No. 5 at p. 2.)  The Court noted that it lacked jurisdiction to consider petitioner's challenge to the validity of his conviction or sentence under § 2241.  (*See* Dkt. No. 5 at p. 2.)  Nevertheless, in his reply, petitioner makes another argument challenging the validity of his underlying conviction.  More specifically, he alleges that he was "borrowed" by the federal court which violated the anti-shuttling provision of the IADA.  As noted in initially screening the habeas petition, the Court lacks jurisdiction to consider challenges to his actual sentence and conviction as § 2255 was the proper mechanism to do so as opposed to a § 2241 habeas petition.  (*See* Dkt. No. 5 at p. 2.) This bar to § 2241 jurisdiction applies with equal weight to petitioner's argument that his federal

---

[2] Petitioner raised his Sentencing Guidelines arguments in his amendment to his habeas petition and his IADA argument in his reply to his petition.  (*See* Dkt. Nos. 4 & 9.)

sentence should be concurrent pursuant to U.S.S.G. § 5G1.3 as well as his claim that his claim

that his conviction is invalid under the anti-shuttling provision of the IADA.  *See Savage v.*

*Zickefoose*, 446 F. App'x 524, 525-26 (3d Cir. 2011) (per curiam) (affirming District Court's

dismissal for lack of jurisdiction of petitioner's § 2241 claim that sentencing court should have

provided for concurrent federal and state sentences under U.S.S.G. §§ 5G1.3(b) as § 2255 is the

presumptive means for a federal prisoner to challenge the validity of a conviction or sentence)

(citations omitted); *Solomon v. Sniekek*, No. 06-0295, 2006 WL 1174255, at *3 (N.D. Ohio May

2, 2006) ("Mr. Solomon's implicit U.S.S.G. § 5G1.3 argument constitutes a challenge to the

imposition of his sentence, not the execution or manner in which is sentence is being served.

Thus, § 2255, not § 2241, is the proper vehicle by which he should bring his U.S.S.G. § 5G1.3

challenge.") (citations omitted); s*ee also Smith v. Lindsay*, No. 07-0568, 2008 WL 275717, at *2

(M.D. Pa. Jan. 30, 2008) (district court lacked jurisdiction to consider claim in §2241 habeas

petition that the IADA was violated as such a claim challenges the validity of the conviction and

sentence that is properly brought under § 2255); *Hunnewell v. Holt*, No. 05-2521, 2006 WL

1000056, at *1 (M.D. Pa. Apr. 13, 2006) (denying § 2241 habeas petition which raised anti-

shuttling argument as it should have been raised in a § 2255 motion).

It is additionally worth noting that petitioner makes no showing that he is entitled to bring

his challenges to his sentence and conviction under § 2241 because he does not fall within §

2255(e)'s safety valve.  Section 2255(e) states that:

> [a]n application for a writ of habeas corpus in behalf of a prisoner
> who is authorized to apply for relief by motion pursuant to this
> section, shall not be entertained if it appears that the applicant has
> failed to apply for relief, by motion, to the court which sentenced
> him, or that such a court has denied him relief, unless it also
> appears that the remedy by the motion is inadequate or ineffective
> to test the legality of his detention.

28 U.S.C. § 2255(e).  A § 2255 motion is "inadequate or ineffective," which permits a petitioner

to resort to a § 2241 petition, "only where the petitioner demonstrates that some limitation or

procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication

of his wrongful detention claim."  *Cradle v. U.S. ex rel. Miner*, 290 F.3d 536, 538 (3d Cir. 2002)

(citations omitted).  However, "[s]ection 2255 is not inadequate or ineffective merely because

the sentencing court does not grant relief, the one-year statute of limitations has expired, or the

petitioner is unable to meet the stringent gatekeeping requirements of . . . § 2255."  *Cradle*, 290

F.3d at 539 (citations omitted).  "It is the inefficacy of the remedy, not the personal inability to

use it, that is determinative."  *Id.* at 538 (citation omitted).  "The provision exists to ensure that

petitioners have a fair opportunity to seek collateral relief, not to enable them to evade

procedural requirements."  *Id.* at 539 (citing *In re Dorsainvil*, 119 F.3d 245, 251-52 (3d Cir.

1997)).  In *Dorsainvil*, the Third Circuit held that the remedy provided by § 2255 is "inadequate

or ineffective," permitting resort to § 2241, where a prisoner who previously had filed a § 2255

motion on other grounds "had no earlier opportunity to challenge his conviction for a crime that

an intervening change in substantive law may negate[.]"  119 F.3d at 251.  Nevertheless, the

Third Circuit emphasized that its holding was not suggesting that a § 2255 motion was

"inadequate or ineffective" merely because a petitioner is unable to meet the strict gatekeeping

requirements of § 2255.  *See id*.  The "safety valve," as stated in *Dorsainvil,* is a narrow one and

has been held to apply in situations where the prisoner has had no prior opportunity to challenge

his conviction for a crime later deemed to be non-criminal by an intervening change in the law.

*See Okereke*, 307 F.3d at 120 (citing *Dorsainvil*, 119 F.3d at 251).

      Petitioner makes no showing that he had no earlier opportunity to challenge his

conviction for a crime that an intervening change in federal law may negate.  Indeed, he states in

his petition that he could not have brought this action earlier because the statute of limitations is now expired. (*See* Dkt. No. 1 at p. 3.)  However, as stated above, that is insufficient to fall within the safety-valve. *See Cradle*, 290 F.3d at 539 (citations omitted).  Accordingly, the Court lacks jurisdiction to consider petitioner's challenges to his underlying federal sentence and conviction in this § 2241 action.

B.  Challenge to Execution of Sentence by BOP

Petitioner also argues that he has not been properly awarded prior jail time credits from January 5, 2006 until April 28, 2007 on his federal sentence for time served.  This type of claim is properly raised in a § 2241 habeas petition. *See Cabada v. Zickefoose*, 432 F. App'x 161, 163 (3d Cir. 2011) (per curiam) (noting that District Court had jurisdiction under § 2241 on petitioner's claim that the BOP miscalculated jail time credits).

i.      *Abuse of the Writ*

Respondent first argues that petitioner cannot obtain habeas relief in this petition as he previously argued that he was entitled to jail time credits for the same time period in a previous habeas petition.  Section 2244(a) of Title 28 of the United States Code states that, "[n]o circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255." 28 U.S.C. § 2244(a).  "The Supreme Court has held that the abuse of writ doctrine precludes inmates from relitigating the same issues in subsequent petitions *or* from raising new issues that court have been raised in earlier petition." *Boardley v. Grondolsky*, 343 F. App'x 837, 839-40 (3d Cir. 2009) (per curiam) (citing *McCleskey v. Zant*, 499 U.S. 467, 489 (1991)).  "[T]he abuse-

of-the-writ doctrine applies to section 2241 petitions; thus, a petitioner may not raise new claims that could have been resolved in a previous action." *Id.* at 839 (citing *Queen v. Miner*, 530 F.3d 253, 255 (3d Cir. 2008) (per curiam); 28 U.S.C. § 2444(a)).

> Under the abuse of the writ doctrine, a federal court "may not reach the merits of:  (a) successive claims that raise grounds identical to grounds heard and decided on the merits in a previous petition; (b) new claims, not previously raised, which constitute an abuse of the writ," unless a habeas petition shows cause and prejudice or a fundamental miscarriage of justice.

*Hickman v. Zickefoose*, No. 11-5499, 2012 WL 1044508, at *2 n.1 (D.N.J. Mar. 28, 2012) (quoting *Sawyer v. Whitley*, 505 U.S. 333, 338 (1992)); *see also Alden v. Warden, U.S. Penitentiary Allenwood*, 444 F. App'x 514, 516 (3d Cir. 2011) (per curiam) ("A petitioner may justify his prior omission by showing cause and prejudice for his failure to earlier raise a claim. And [i]n a case in which a successive petition includes a claim for relief already fully considered and rejected . . . the petitioner [must] show that 'the ends of justice' would be served by the court entertaining the petition.") (internal quotation marks and citations omitted).  To show cause and prejudice, petitioner must show "that some external factor impeded his efforts to raise the claim and that actual prejudice resulted from the alleged errors." *Boardley*, 343 F. App'x at 839.  "A fundamental miscarriage of justice may arise where 'a petitioner supplements a constitutional claim with a colorable showing of factual innocence.'" *Id.* (quoting *McCleskey*, 499 U.S. at 495).

In petitioner's prior habeas petition in the District of South Carolina, he argued that he was entitled to prior jail time credits on his federal sentence for time he spent in state custody from January 5, 2006 until April 28, 2007. *See Perry*, 2011 WL 2144783, at *2 ("In the instant action, Petitioner claims that he should be given credit by the BOP towards his federal sentence for time spent in state custody.").  The District of South Carolina denied petitioner's prior habeas

petition on the merits after determining that the federal sentencing court did not intend for petitioner to receive credit towards his federal sentence for time spent in service of his North Carolina state sentence. *See id.* Plaintiff has not made any showing whatsoever of cause and prejudice and/or that he a fundamental miscarriage of justice will occur if this Court considers this claim on the merits in this habeas petition. Thus, petitioner's claim that the BOP is improperly executing his sentence constitutes an abuse of the writ.

      ii.     *Merits*

While petitioner's execution of his sentence claim plainly constitutes an abuse of this writ, even if the Court were to assume *arguendo* that it did not, the claim would still fail on the merits. Determining a term of imprisonment comprises two steps: (1) "a sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to . . . the official detention facility at which the sentence is to be served[;]" and (2) a defendant receives credit for time spent in custody "prior to the date the sentence commences . . . that has not been credited against another sentence." *See* 18 U.S.C. § 3585(a) & (b); *see also Nieves v. Scism*, 527 F. App'x 139, 140-41 (3d Cir. 2013) (per curiam) ("In calculating a sentence, the BOP determines (1) when the federal sentence commenced, and (2) whether there are any credits to which the prisoner may be entitled.") (citing 18 U.S.C. § 3585). "[A] federal prisoner can receive credit for certain time spent in official detention before his sentence begins, as long as that time has not been credited against any other sentence against any other sentence. Section 3585(b) makes clear that prior custody credit cannot be double counted." *See Williams v. Zickefoose*, 504 F. App'x 105, 107 (3d Cir. 2012) (per curiam) (citing *United States v. Wilson*, 503 U.S. 329, 337 (1992)).

"[A] federal sentence cannot begin to run earlier than on the date on which it is imposed." *Rashid v. Quintana*, 372 F. App'x 260, 262 (3d Cir. 2010) (per curiam) (citing *United States v. Labeille-Soto*, 163 F.3d 93, 98 (2d Cir. 1998)).  Furthermore, "[a] federal sentence does not begin to run when a defendant is taken into federal custody from state custody pursuant to a writ of habeas corpus ad prosequendum" because "the state remains the primary custodian in those circumstances."  *Carmona v. Williamson*, No. 05-0022, 2006 WL 3042967, at *2 (M.D. Pa. Oct. 23, 2006) (citations omitted); *see also Garcia v. Bureau of Prisons*, No. 06-0089, 2006 WL 2645122, at *2 n.2 (D.N.J. Sept. 13, 2006) (noting that sovereign who acquires custody first in time has primary custody over the defendant and that primary custody remains vested in the jurisdiction which first arrested the defendant "'until that jurisdiction relinquishes its priority by e.g., bail release, dismissal of state charges, parole release, or expiration of sentence . . . . Producing a state prisoner under writ of habeas corpus ad prosequendum to answer federal charges does not relinquish state custody.'") (quoting *Chambers v. Holland*, 920 F. Supp. 618, 622 (M.D. Pa. 1996), *aff'd by*, 100 F.3d 946 (3d Cir. 1996)).

In this case, petitioner was initially taken into state custody on drug charges.  He was then charged for parole violations and sentenced in state court on the parole violations and a state drug charge.  Subsequently, petitioner was charged with and eventually convicted for his federal crime.  Thus, as petitioner was first arrested on state charges and remained in the primary custody of the State of North Carolina until his release from his state sentences, it was not until April 28, 2007, when petitioner was released from his state sentences and taken into federal custody that the state relinquished jurisdiction and his federal sentence commenced.  *See Negron v. United States*, No. 12-0957, 2013 WL 5720162, at *3-4 (M.D. Pa. Oct. 21, 2013) (noting that Puerto Rico did not relinquish jurisdiction over petitioner until November 15, 2004, as federal

9

detainer was not exclusive reason for confinement and petitioner was not entitled to credit for

time he spent in federal custody pursuant to writ of habeas corpus ad proseuendum) (citations

omitted); *Chambers*, 920 F. Supp. at 622 ("Primary jurisdiction over a state prisoner ends and

federal custody over him commences only when the state authorities relinquish him on

satisfaction or extinguishment of the state obligation); *see also McKenstry v. Shartle*, No. 14-

1875, 2014 WL 3058545, at *2 (D.N.J. July 7, 2014) (noting that petitioner's federal sentence

began on November 10, 2011 as it was not until that date that he was released from his state

sentence and taken into federal custody pursuant to a detainer).

As petitioner's federal sentence began on April 28, 2007, the next step is to determine

whether petitioner is entitled to any prior jail time credits.  Petitioner may not receive jail time

credits for the period between January 5, 2006 and April 28, 2007 as this would constitute

impermissible double counting.  *See* 18 U.S.C. § 3585(b); *see also Graham v. Zickefoose*, No.

12-4887, 2013 WL 1786332, at *6 (D.N.J. Apr. 25, 2013) (noting that petitioner is not entitled to

jail time credits to his federal sentence where time was credited towards his state sentence).  The

federal sentencing court made clear that his federal sentence was to run consecutive to the state

sentence petitioner was currently serving.  Therefore, to permit petitioner to be awarded prior jail

time credits towards his federal sentence from his state sentence would constitute impermissible

double counting.  This time was already counted towards his state sentence and his federal

sentence was ordered to run consecutively to that state sentence.  Accordingly, for these reasons,

petitioner's habeas petition also lacks merit.

C. Motion for the Appointment of Counsel

Petitioner has moved for the appointment of counsel.  (*See* Dkt. No. 7.)  Petitioner does

not have a constitutional right to counsel in habeas proceedings.  *See Reese v. Fulcomer*, 946

F.2d 247, 263 (3d Cir. 1991), *superseded on other grounds by statute*, 28 U.S.C. § 2254.

However, 18 U.S.C. § 3006A(a)(2)(B) provides that the court has discretion to appoint counsel

where "the court determines that the interests of justice so require . . ."  In *Reese*, the Third

Circuit explained that in determining whether counsel should be appointed, a court "must first

decide if petitioner has presented a nonfrivolous claim and if the appointment of counsel will

benefit the petitioner and the court.  Factors influencing a court's decision include the

complexity of the factual and legal issues in the case, as well as the pro se petitioner's ability to

investigate facts and present claims." *Reese*, 946 F.2d at 263-64.  In this case, the Court finds

that the appointment of counsel is not warranted.  To the extent that petitioner seeks to attack his

criminal conviction and sentence, the Court lacks jurisdiction.  Furthermore, to the extent that

petitioner attacks the execution of his sentence, the instant habeas petition constitutes an abuse of

the writ and/or lacks merit for the reasons stated above.

### IV.    CONCLUSION

For the foregoing reasons, the habeas petition will be denied as will petitioner's motion

for the appointment of counsel.  An appropriate order will be entered.


DATE:  August 6, 2014

s/Robert B. Kugler
ROBERT B. KUGLER
United States District Judge

11